## In re Account of DISTRICT ATTORNEY.[1]

### (*District Court, E. D. Missouri.*   January 30, 1885.)

DISTRICT ATTORNEY'S FEES—SECTION 838, REV. ST., CONSTRUED.
> Expenses and services of district attorneys, in examining revenue reports upon which no actions are thereafter instituted, fall within the rule for compensation prescribed by section 838 of the Revised Statutes.

*William H. Bliss,* U. S. Dist. Atty., *per se.*

TREAT, J.   An account of the United States district attorney is presented for the certificate of the judge, under section 838, as to certain cases enumerated.   Under section 824 his fees in most cases become certain, as the court records show them; yet there are many concerning which evidence *dehors* the court records are necessary, viz., presence before commissioners, travel, etc.   It is important to look at the dates of the statutes, so that the imperfections or mischiefs to which later statutes are aimed may furnish guides for interpretation.   Under section 824 (looking to the dates of the acts consolidated) the district attorney was allowed fees only in cases' actually instituted in this court, or with respect to proceedings before United States commissioners, and attendant travel.   It became apparent to this court, years ago, that such proceedings before United States commissioners were liable to abuse, involving injury to parties proceeded against, and instituted, it might be, to give fees to deputy-marshals and commissioners, and involving unnecessary fees and traveling expenses for the district attorney.   Hence the following rule of court was made, and later the proper department suggested a like rule for all United States courts:

In every criminal proceeding before a United States commissioner, he shall, before issuing subpœnas for the hearing of the case, cause the proper United States district attorney to be informed thereof, and await a reasonable time

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

his action with reference thereto; and when the commissioner has disposed of the case he shall cause the original complaint, together with a brief statement of his action thereunder, and the original recognizance, if any, and copy of the commitment or *mittimus*, duly certified, to be promptly filed in the clerk's office of the proper United States court; and before taking bail, when the prisoner is held for the action of a grand jury, the commissioner should cause notice of the time and place for hearing the application for bail to be given to the district attorney.

In the ordinary administration of the law, when complaints were made, the district attorney was bound to act thereunder, by refusing to proceed thereon, or by causing examination to be had before commissioners, etc. If he was of opinion that the complaint was groundless, it was his duty to proceed no further. It is true, that a large measure of responsibility was thus cast upon him, yet, as he represented the government that prosecutes offenses, and never prosecutes the innocent, the duty to determine when complaints were frivolous, or otherwise, rested primarily with him. Were not this so, he would make, through his office, the government the agent of private malice or of blackmail. There must be, in the very nature of judicial administration, a preparatory examination by the district attorneys as to private complaints; otherwise, the innocent as well as the guilty would be alike confounded by indiscriminate prosecutions, at the instigation of those who have only personal ends to subserve. As the law then stood, and now stands, the accused, however wronged, pays his own costs and expenses; so that it often happens that the innocent, when acquitted, suffer more than the guilty. Such a condition of affairs caused this and other courts to exact careful scrutiny from district attorneys prior to the prosecution before commissioners or the court. But under the revenue systems collectors undertook to discriminate in cases of violations of law, and on their judgment reported or refused to report alleged offenses. They made themselves thereby judges, in a modified sense, of such offenses. Congress cut up (section 838) such arbitrary power or conduct, by requiring all such matters to be reported to the district attorney. On the incoming of such reports it was made the duty of the district attorney to examine the same, and institute proper proceedings in court, "*unless upon inquiry and examination he shall decide that such proceedings cannot probably be sustained, or that the ends of public justice do not require that such proceedings be instituted.*"

This statutory rule sought to enforce elemental principles, coupled with an obligation upon revenue officers to report to the district attorney. It is obvious that if the district attorney, in order to accumulate fees, caused judicial proceedings to be instituted on every report so made, not he alone, but other officers, would devour the government, or the accused, with useless costs and expenses; hence the wise provision of section 838, viz.:

"And for the expenses incurred and services rendered in all such cases, [where it was decided not to bring suits,] the district attorney shall receive

and be paid from the treasury such sum as the secretary of the treasury shall deem just and reasonable, upon the certificate of the judge before whom such cases are tried or disposed of."

Resting upon an extremely narrow and technical construction of the words last quoted, it is said that the treasury department has ruled that the provisions of this section apply only to cases actually instituted, thereby defeating the broad purpose and just ends sought to be obtained by the statute. There was no need of a new statute to give the district attorney fees in cases instituted; but there was need of compelling him to bring no suits until full examination first had in his office. If suits were to be brought on all reports made, however frivolous, and thereby his and other costs incurred to the detriment of the public treasury, and the outrage of the citizen, the statute in question would not have been passed. To prevent so lamentable a condition of affairs, and to secure an honest and diligent investigation, congress provided that for such investigation proper compensation be awarded, without compelling the unjustifiable and expensive process of useless litigation. But it is urged that the language of section 838 is confined in terms to a "certificate of the judge before whom such cases are tried or disposed of;" and hence the district attorney, who by the section is required to make due "inquiry and examination" to avoid wrongful suits, must loose all compensation, or bring suits regardless of their merits. Such an interpretation seems suicidal. In a very narrow sense no "case" is tried or disposed of by a judge until formally instituted in *court;* yet many accusations and proceedings, through *habeas corpus,* or before commissioners, etc., are "disposed of" without technical trial. The term "case," as used in the statute, was intended to cover, and does cover, all complaints reported by revenue officers to the district attorney, which might be subject to the final determination of the court, by trial or other action therein. They have come within the reach of judicial administration, and are within the purview of the statute. If this be not so, then the mischief sought to be cured will still exist with increased force.

It is held, therefore, that the expenses and services of the district attorney's office in examining revenue reports, when no judicial action thereon is thereafter formally instituted, fall within the rule for compensation prescribed. True, the judge must be satisfied as to said expenses and services in order to certify what is "just and reasonable." Some of the cases involve as large a measure of "inquiry and examination" as if they had passed through indictments to a final trial, with heavy costs for witnesses and jury service; all of which can be saved to the government, and consequently are within the purview of the statute.

What is meant, under section 838, by "cases tried or disposed of before the judge?" Section 824 fixed the fees of the district attorney in case formally prosecuted before the court. Hence, if section 838

is to be limited to such cases, then there is no ground for the action of the judge, unless section 824 is to be construed to override the provisions of section 838. If the latter section is designed to cover all "cases" instituted in court formally, and no others, then what becomes of the fixed rates under section 824? May the the judge disregard statutory fees? What are tried, etc., before the judge as contradistinguished from the court? If the views suggested limiting compensation to "cases" formally instituted, are to prevail, then a direct conflict between those sections is presented. The two sections are reconcilable. They pertain to different matters. Section 824 fixes rates of compensation when suits, etc., are formally instituted, and section 838 provides for the compensation to be given when suits are not instituted on revenue reports made, but disposed of by the district attorney in his office. Section 838 must be limited to the latter "cases," and is designed to provide therefor. Otherwise section 824 is in conflict. The purpose of the statute is to fix fees in prescribed cases under section 824, and to leave to the judge, under section 838, the determination of the proper measure of compensation in cases disposed of in the district attorney's office, which, though not formally before the court, may be brought there. Otherwise the judge might allow, under section 838, compensation regardless of section 824. In one sense cases are not determined by the judge as such, but by the court. Certainly narrow distinctions of that nature should not defeat the clear intent of the statute.

It is not necessary to enter upon a discussion, heretofore presented to this court, of the constitutional validity of acts of congress devolving on judges, *eis nominibus*, the functions of auditors. It must suffice that the measure of compensation should be largely measured by rates named in section 824. Taking those rates as a guide, I have examined the account in open court. Until the act of February 22, 1875, (Supplement, p. 145, *c.* 95,) the acts of congress seemingly contemplated the immediate auditing by the judge, without formal proceedings in open court. Since that act all accounts for fees, etc., whether under section 824 or 838, should be considered as within the act of February 22, 1875. Hence I have caused this account to be presented in open court, and after consideration thereof the court orders the same approved.